UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TYRONE MORGAN ,

Plaintiff,

v.

SOUTHWEST CREDIT SYSTEMS, L.P.,

Defendant.

Case No. 1:18-cv-00592

Honorable Robert W. Gettleman

### PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

NOW comes, Tyrone Morgan ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., respectfully moves this Court to enter an order awarding attorney fees and costs to Plaintiff pursuant to 15 U.S.C. §1692k(a)(3) and F.R.C.P 68. Plaintiff hereby petitions the Court for an award of reasonable attorney fees in the amount of $4,562.25 and costs in the amount of $422.00.

### SUMMARY OF FACTS

On January 28, 2018, Plaintiff filed a Complaint for Relief Pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* However, on March 9, 2018, after reviewing Southwest Credit Systems, L.P.'s ("Defendant") informal discovery production, Plaintiff amended his Complaint todismiss the TCPA count.

On April 25, 2018, Defendant's counsel submitted a Rule 68 Offer of Judgment ("Offer") to Plaintiff for $1,001.00. The Offer also provided for payment of "reasonable attorney's fees and taxable costs incurred in this action through the expiration of this offer, such fees and costs to be

determined by agreement of the parties and if the parties cannot agree, by the Court upon motion by Plaintiff".

On May 3, 2018, Plaintiff accepted Defendant'sOffer by filing a Notice of Acceptance [Dkt. 18]With the goal of amicably resolving the matter without Court intervention, on May 8, 2018, pursuant to the Offer of Judgement, Plaintiff's counsel tendered an itemization of his attorney fees and costs to Defendant. The itemization asked for $4,562.25 in attorney fees and $422.00 in costs. Plaintiff's counsel sent an email to Defendant's counsel on May 16, 2018, following up on the itemization of attorney fees and costs he submitted. On May 17, 2018, Defendant's counsel offered to remit $3,500.00 to Plaintiff to cover the Offer , which proposed to only pay $2,499.00 towards Plaintiff's costs and attorney's fees incurredin the instant action..

## STANDARD

The Fair Debt Collection Practices Act ("FDCPA") was enacted to prevent "abusive, deceptive, and unfair debt collection practices". 15 U.S.C. §1692(a). A Plaintiff who prevails under the FDCPA is entitled to an award of costs and reasonable attorneys' fees. *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). In order to encourage able counsel to undertake FDCPA cases, Congress has made an award of reasonable attorney's fees mandatory. 15 U.S.C. § 1692k(a)(3); *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995) *cert denied*, 515 U.S. 1160 (1995). Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar--the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433-37, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). The proper hourly rate is determined based on the market rate for the services of plaintiff's counsel. *See*, e.g., Missouri *v. Jenkins*, 491 U.S. 274, 283, 105 L.

Ed. 2d 229, 109 S. Ct. 2463 (1989). If an attorney commonly charges by the hour, his regular billing rate is presumptively the market rate. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999); *People Who Care v. Rockford Board of Education*, 90 F.3d 1307, 1310 (7th Cir. 1996).

The plaintiff bears the burden of proving the reasonableness of his attorneys' fees. *Hensley,* 461 U.S. at 437. The court considers the following factors when calculating fees: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of plaintiff's attorney; (10) the undesirability of the case; and (11) fee awards in similar cases. *Tolentino*, 46 F.3d at 652 (citing *Hensley, 461 U.S. at 441*).

Further, if an attorney ordinarily works on a contingent-fee basis, a court "should look to the next best evidence -- the rate charged by lawyers in the community of 'reasonably comparable skill, experience, and reputation.'" *People Who Care,* 90 F.3d at 1310 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984)). The "next best evidence" also includes fee awards the attorney has received in similar cases. *Id.* at 1310-12. The district court may then adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999); *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997).

The maximum amount of statutory damages that an FDCPA Plaintiff can recover is $1,000 15 U.S.C. §1692k(a)(2)(A). The "degree of success obtained" is the most important consideration

when the court determines what is a reasonable fee award. *Hensley*, 461 U.S. at 436; *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995). A plaintiff prevailing on judgment and recovering the maximum statutory damages allowed under the FDCPA has obtained a high degree of success. *Tolentino,* 46 F.3d at 653. "Success is not measured only by the amount of recovery but also in terms of the significance of the legal issue on which the plaintiff prevailed and the public purpose the litigation served." *Morales v. City of San Rafael*, 96 F.3d 359, 365, *as amended on denial of rehearing and rehearing en banc*, 108 F.3d 981 (9th Cir. 1997). The amount of attorney's fees requested need not be proportionate to the settlement or judgment amount, however, as that would defeat the public benefit advanced by the litigation. *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 873, n. 13 (7th Cir. 1995).

## ARGUMENT

### A. PLAINTIFF WAS SUCCESSFUL IN THIS ACTION

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney fees to a successful consumer. 15 U.S.C. §1692k (a)(3). Plaintiff was a successful party in this lawsuit having induced Defendant to submit a Rule 68 Offer of Judgment in the amount of $1,001.00 plus reasonable attorney's fees and costs. This is more than the maximum amount of statutory damages that could have been recovered in this case in total against the Defendant. 15 U.S.C. §1692k (a)(2). As a result, Plaintiff has achieved a high degree of success.

### B. PLAINTIFF'S COUNSEL'S HOURLY RATE OF $375 IS REASONABLE

Plaintiff's counsel's hourly rate of $375 per hour is reasonable, as that amount is his actual billing rate for non-contingent cases; it is comparable to other attorneys' rates in this District for similar work. Plaintiff's counsel, Nathan C. Volheim, is one of the most active consumer rights attorneys in the country. He regularly represents consumers in the Northern District of Illinois as

4

well as 12 other districts across the country and has represented thousands of consumers in federal court in our District since 2010. For these reasons, Plaintiff's counsel believes that he has met his burden of proving his market rate. Thus, his rate is reasonable and should be awarded.

### C. THE NUMBER OF HOURS EXPENDED ON THE LITIGATION IS REASONABLE

The FDCPA mandates that a successful plaintiff be awarded his reasonable attorneys' fees and costs. *15 U.S.C. § 1692k(a)(3)*; *Tolentino v. Friedman, 46 F.3d 645, 651* (7th Cir.), *cert. denied,132 L. Ed. 2d 856, 115 S. Ct.2613 (1995)*. In calculating an attorneys' fee award, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *46 F.3d at 652* (quoting *Hensley v. Eckerhart, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983))*. The Supreme Court has directed that "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 444, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). If the prevailing party fails to exercise the proper billing judgment, a court should exclude from the fee calculation "hours that were not reasonably expended." *Id.*

Here, Plaintiff is seeking fees for 16.5 hours for work rendered up to the date of and including work rendered for the instant fee petition. Plaintiff believes that he is entitled to his attorney's fees for the work rendered on his behalf subsequent to the acceptance of offer. It was Defendant's own unwillingness to reasonably respond to the itemization of attorney fees that Plaintiff's counsel submitted to Defendant which forced Plaintiff's counsel to expend more time and work than necessary by filing this fee petition. .As a result, Plaintiff believes that he is entitled to the attorney's fees incurred in preparing the instant fee petition. Moreover, Plaintiff reserves the

right to submit a supplemental fee petition for work rendered on his behalf subsequent to the submission of the instant fee petition, if necessary.

### D. THE AMOUNT OF COSTS EXPENDED ON THE CASE WAS REASONABLE

Plaintiff is seeking costs for $422.00 incurred to litigate this action. *See* Exhibit A, Plaintiff's Proof of Costs. Plaintiff is only seeking his filing costs and parking fee incurred to attend the Initial Status Hearing. The aforementioned costs were necessary, are reasonable by any standard, and should be granted.

### E. PLAINTIFF'S ATTORNEY IS TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA

In calculating an attorneys' fee award, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Tolentino*, 46 F.3d at 652 (quoting *Hensley v.Eckerhart, 461 U.S. 424, 433, 76 L. Ed. 2d 40,103 S. Ct. 1933 (1983))*. The Seventh Circuit has found that "it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Id.* Providing competitive rates ensures that attorneys will take cases that are in the public's interest. *Tolentino at 652-53*.

Ultimately, Plaintiff's counsel expended **16.50 attorney** hours in total, for a total of **$4,562.25** in attorney fees over the course of this litigation. *See* Exhibit B, Plaintiff's counsel's itemization for services rendered and Exhibit C contains Plaintiff's counsel's Declaration. The lodestar calculation for the efforts of counsel is thus $4,562.25. Thus, the total lodestar calculation for the award of attorney fees to the Plaintiff totals $4,562.25, plus costs of $422.00.

## CONCLUSION

Based upon the lodestar calculation, attorney fees should be awarded to Plaintiff for $4,562.25. An award for costs of $422.00 are sought, and should be awarded as well.

s/ Nathan C. Volheim_____
Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 575-8181 x113 (phone)
(630) 575-8188
nvolheim@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

I, Nathan C. Volheim, an attorney, certify that on May 25, 2018, I caused the foregoing **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

s/ Nathan C. Volheim_____
Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
(630) 575-8181 x113 (phone)
(630) 575-8188
nvolheim@sulaimanlaw.com
